UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNULFO A.L.,[1] | No. 1:26-cv-04089-TLN-JDP |
| Petitioner, | A # 208-612-970 |
| v. | |
| WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al., | **ORDER** |
| Respondents. | |

This matter is before the Court on *pro se* Petitioner Arnulfo A.L.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition").[2]  (ECF No. 1.)  Respondents filed an opposition. (ECF No. 10.)  For the reasons set forth below, the Petition is GRANTED and Respondents are ordered to IMMEDIATELY RELEASE Petitioner.  (This Order does not reach the May 13, 2026 order granting voluntary departure.)

///

---

[1]    The Court omits Petitioner's full name to protect sensitive personal information.  *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2]    *Pro se* pleadings are given the benefit of liberal construction.  *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

1

### I.    FACTUAL BACKGROUND[3]

This matter arises out of Petitioner's challenge to his civil immigration detention.  (*See* ECF No. 1.)  Petitioner entered the United States in 2015 as an unaccompanied minor.  (ECF No. 10 at 2.)  Petitioner was seeking political asylum and his application is still pending.  (ECF No. 1 at 5; ECF No. 10-2 at 3.)  Petitioner was placed in the custody of Office of Refugee Resettlement because he was a minor and was subsequently released to his mother, who at the time lived in Florida.  (ECF No. 10 at 2.)  Petitioner received a Social Security number, work permit, and driver's license.  (ECF No. 1 at 5.)  Petitioner has no criminal history.  (*Id.* at 6.)

On March 27, 2026, U.S. Customs and Border Patrol ("CBP") agents were conducting "roving patrol operations in unmarked Border Patrol vehicles" in Florida.  (ECF No. 10-2 at 2.)  Agents were checking vehicle license plates and stopping vehicles where the registered owner was present in the United States without authorization.  (*Id.*)  The same day, agents stopped Petitioner and arrested him due to his immigration status.  (*Id.*)  At the time of his arrest, there was no order of removal for Petitioner.  (*See generally* ECF No. 10.)

On May 13, 2026, Petitioner attended an immigration hearing.  (ECF No. 10 at 2.)  Respondents state the immigration judge indicated she was likely to order Petitioner removed, but granted Petitioner the option of voluntary departure.  (*Id.*)  Respondents contend that under advisement of counsel, Petitioner accepted voluntary departure and "necessarily waived his right to appeal when accepting voluntary departure."  (*Id.*)

Petitioner has not received a bond hearing while in custody.  (*See* ECF No. 1.)  Petitioner now challenges the lawfulness of his civil detention.  (*Id.*)

### II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure

---

[3]    Respondents do not dispute the facts taken from Petitioner's habeas petition.  (*See generally* ECF No. 10.)

release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**III.    ANALYSIS**

Petitioner claims his detention without a bond hearing violates the Fifth Amendment Due Process Clause. (ECF No. 1 at 16–17.) The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas*, 533 U.S. at 693. These due process rights extend to immigration proceedings and detention. *Id.* at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

**A.    Liberty Interest**

As for the first step, the Court finds Petitioner has a protectable liberty interest. "[F]reedom from imprisonment is at the 'core of the liberty protected by the Due Process Clause.'" *Hernandez*, 872 F.3d at 993 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause." *See Rico-Tapia v. Smith*, No. 25-CV-00379 SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025). Liberty interest may be

strengthened over time.  *See, e.g., Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

The Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause.  Petitioner has lived in the United States for more than ten years, during which he built a life and sought immigration relief here.  Even if he is subject to removal or his freedom could be revoked by statute, Petitioner's liberty is still protected by the Due Process Clause.  *See Hernandez*, 872 F.3d at 993, *Zadvydas*, 533 U.S. at 693. With a clear liberty interest, the Court next turns to the procedural safeguards that were owed to Petitioner.

B.      Procedures Required

As to the second step — what procedures or process is due — the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by Respondents' actions detaining him.  Despite his interest in maintaining his liberty, Petitioner has now been detained for more than two months without any opportunity to be heard as to the justification of his detention.  Petitioner's interest may be diminished slightly because he agreed to voluntary departure, however, an agreement to leave the country does not extinguish Petitioner's liberty while he is here.  Accordingly, this factor weighs in favor of finding Petitioner's private interest has been impacted by his detention.  *See Manzanarez v. Bondi*, No. 1:25-CV-01536-DC-CKD (HC), 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding similarly).

Second, the risk of erroneous deprivation is considerable given Petitioner has not received adequate process, either pre- or post-detention.  Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected

liberty interest in order for detention to comport with due process. *Zadvydas*, 533 U.S. at 690. Where removal is not imminent under a final order of removal, "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions." *Hernandez*, 872 F.3d at 994. While Respondents note that the voluntary departure order will automatically convert to a final order of removal if Petitioner does not depart by June 12, 2026, there is still no final order of removal yet. Additionally, Respondents own records show Petitioner has no criminal history in the United States (ECF No. 10-2 at 3), nor do Respondents contend that Petitioner is a danger to the public or a flight risk. Therefore, the risk that he was detained without proper justification is high. *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Finally, the government's interest is low, and the effort and cost required to provide Petitioner with procedural safeguards are minimal. *See Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Although the Court recognizes the government's interest in immigration enforcement, that interest does not outweigh all procedural safeguards. Notice and custody determination hearings are routine processes for Respondent and are indeed the very processes required under 8 U.S.C. § 1226(a). Any delay in detention (if justified) for the time to provide notice and a hearing would have been minimal. Any burden associated with the provision of these processes does not outweigh Petitioner's liberty interest and the risk of erroneous deprivation.

At a minimum, Petitioner was entitled to notice and a hearing to justify his detention. Respondents do not meaningfully engage with Petitioner's due process claim and have not provided any substantive opposition to the contrary. (*See generally* ECF No. 10.) Petitioner was not provided any notice nor pre- or post-deprivation hearing. Therefore, Respondents violated the Fifth Amendment and Petitioner's procedural due process rights.

### IV.    CONCLUSION

Respondents detained Petitioner in violation of the Fifth Amendment and federal law. Accordingly, IT IS HEREBY ORDERED:

1. The Petititon for Writ of Habeas Corpus (ECF No. 1) is GRANTED;

2. Petitioner's Motion for Temporary Restraining Order (ECF No. 2) is DENIED as moot;

3. Respondents must IMMEDIATELY RELEASE Petitioner Arnulfo A.L. (A# **208-612-970**) from custody.  At the time of release, Respondents must **provide a copy of this Order to Petitioner** and return all of Petitioner's documents and possessions;

4. **Respondents must file a notice of compliance with this Order within two days of the filing date of this Order**;

5. To avoid further irreparable harm and protect the public interest, Respondents are ENJOINED from re-detaining Petitioner absent compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs his constitutionally protected interest in remaining free from detention. *Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990.  At any such hearing, Petitioner shall be allowed to have counsel present;

6. The Clerk of the Court is directed to serve the **Golden State Annex Detention Facility** with a copy of this Order; and

7. The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: June 4, 2026

_____
Troy L. Nunley
Chief United States District Judge

6